UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAIHALA,

                Plaintiff,                Case Number: 08-CV-11134

v.                                          HON. LAWRENCE P. ZATKOFF

WILLIAM WHITBECK et al.,

                Defendants.
                                      /

### ORDER (1) GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT, (2) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, (3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND (4) DENYING PLAINTIFF'S REQUEST FOR CLASS CERTIFICATION

       Plaintiff Michael Raihala filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. The Court issued an Order to Correct Deficiency because Plaintiff failed to submit the $350 filing fee or to apply in the manner required by law to proceed *in forma pauperis*. Plaintiff has now filed a Motion to Supplement in which he seeks to supplement the record to include the documents required by 28 U.S.C. § 1915 in order to apply for leave to proceed *in forma pauperis*. The Court grants Plaintiff's Motion to Supplement.

       Having considered the materials submitted in support of Plaintiff's request to proceed *in forma pauperis*, the Court will grant Plaintiff's application to proceed without prepayment of the filing fee for this action. Plaintiff nonetheless must pay the full filing fee for this civil action. 28 U.S.C. § 1915(b)(1). The Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to plaintiff's account, or (2) the average monthly balance in plaintiff's account for the preceding six (6) months.

*Id.* The initial partial filing fee in this case is **$18.00**. After Plaintiff pays an initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account. *Id.* § 1915(b)(2).

Plaintiff also has filed a Motion for Appointment of Counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time and will deny the motion.

Also before the Court is a request for class certification asserted in Plaintiff's complaint. Plaintiff's request for class certification fails because the named Plaintiff cannot adequately represent the class. In several unpublished opinions, the Sixth Circuit Court of Appeals has held that incarcerated *pro se* litigants are not proper representatives of the interests of other inmates. *See Howard v. Dougan*, No. 99-2232, 2000 WL 8767700, at *4 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *2–3 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *4 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *3 (6th Cir. Apr. 25, 1996). Consequently, this Court will deny Plaintiff's request for class certification.

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion to Supplement" [dkt. #7] and

"Motion to Proceed *In Forma Pauperis*" [dkt. #2] are **GRANTED**. The Court **ORDERS** the agency having custody of Plaintiff to: (1) withdraw an initial partial filing fee in the amount of **$18.00** from Plaintiff's trust-fund account; (2) forward this amount to the Clerk of the Court; and (3) in subsequent months, forward to the Clerk of the Court twenty percent (20%) of the preceding month's income credited to plaintiff's account. If insufficient funds exist in plaintiff's account to collect an initial partial filing fee, the amount available and other amounts due shall be remitted as they become available. The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee of **$350.00**.

**IT IS FURTHER ORDERED** that Plaintiff's "MOTION for Appointment of Counsel" [dkt. #3] and Request for Class Certification are **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 5, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290